1
2
3                    UNITED STATES DISTRICT COURT
4                    EASTERN DISTRICT OF CALIFORNIA
5
6
7   TAMMY SALING,                            No.  2:13-cv-01039-TLN-EFB
8                Plaintiff,
9
10        v.                                 **ORDER GRANTING IN PART AND
                                             DENYING IN PART DEFENDANTS'
11  KEITH ROYAL, Sheriff of Nevada           MOTION TO DISMISS PLAINTIFF'S
    County, California; GAYLE                SECOND AMENDED COMPLAINT**
12  SATCHWELL, Former Director of Human
    Resources, Nevada County, California,
13
14               Defendants.
15
16          This matter is before the Court on Defendants Sherriff of Nevada County Keith Royal

17  ("Royal") and former Director of Human Resources Gayle Satchwell's ("Satchwell") (together

18  "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint.  (ECF No. 82.)

19  Plaintiff Tammy Saling ("Plaintiff") filed an opposition to Defendants' motion.  (ECF No. 88.)

20  Defendants filed a reply to Plaintiff's opposition.  (ECF No. 89.)  The Court has carefully

21  considered the briefing filed by both parties.  For the reasons outlined below, Defendants' Motion

22  to Dismiss (ECF No. 82.) is hereby GRANTED IN PART and DENIED IN PART.

23      I.      FACTUAL AND PROCEDURAL BACKGROUND

24          Plaintiff asserts a variety of state and federal claims against Defendants Keith Royal,

25  Sheriff of Nevada County, and Gayle Satchwell, former director of Human Resources for the

26  County of Nevada, arising out of her termination from employment with the Nevada County

27
28
                                            1

Sheriff's Department.[1]  (Sec. Am. Compl., ECF No. 81.)  Plaintiff claims in her Second Amended Complaint that on March 16, 2011, while on duty and without warning, she was told to go to Human Resources.  (ECF No. 81 ¶ 7.)  When Plaintiff complied, Susan Schoenig, who was acting as a "mouthpiece" for defendants, ordered her to participate as a witness to an ongoing investigation concerning another individual.   ( ECF No. 81 ¶¶ 7, 8.)  However, after signing an admonishment stating that she must answer questions truthfully, Plaintiff was then interrogated about one of her off-duty personal relationships.   ( ECF No. 81 ¶ 7, 8; Ex. A1.)  On April 1, 2011, Plaintiff was again instructed to go to Human Resources, where she was again questioned about her off-duty relationship.  (ECF No. 81 ¶ 10.)

On April 26, 2011, Plaintiff was notified that she was now the subject of an internal investigation and was placed on administrative leave pending the outcome.   ( ECF No. 81 ¶ 11.) She was interviewed a third time about her personal relationship on May 18, 2011.   ( ECF No. 81 ¶ 14.)  In this interview, conducted by Deputy Pettitt, Plaintiff was named the subject of the investigation.  ( ECF No. 81 ¶ 14.)  Pettitt summarized his findings from the interview to Defendant Royal in a memo.  (ECF No. 81 ¶ 16, Ex. H.)  The summary indicated that Pettitt shared the information from his interview with others in the office.  (ECF No. 81. ¶ 16.)  Plaintiff subsequently received a notice of proposed disciplinary action, recommending Plaintiff's employment be terminated.  (ECF No. 81 ¶ 17, Ex. I.)  The notice stated that Plaintiff was entitled to a hearing regarding the proposed action, which was scheduled for June 23, 2011.  (ECF No. 81 ¶ 17.)

Plaintiff retained counsel and attempted to have her hearing continued to allow counsel an opportunity to review relevant documents.  (ECF No. 81 ¶¶ 19.)  Ultimately, Plaintiff's request to reschedule the hearing to a date that permitted her attorney's preparation and participation was refused.  On June 28, 2011, Plaintiff received notice of a final decision to terminate her employment effective July 6, 2011.   ( ECF No. 81 at 7–9.)

On July 5, 2011, Plaintiff's counsel received a fax at approximately 4:55 p.m., stating that

---

[1] The factual and procedural background was partially taken from Magistrate Judge Brennan's Findings and Recommendations, (ECF No. 74.).

1    Defendants could meet to discuss the matter at 11:00 a.m. the next day.  (ECF No. 81 ¶ 26.)

2    Plaintiff and her attorney met with Defendants on July 6, 2011, but the decision to end her

3    employment was not changed.   ( ECF No. 81 ¶¶ 26–28.)

4            Plaintiff filed the instant action on May 24, 2013.  (ECF No. 1.)  Plaintiff moved to amend

5    her complaint and Magistrate Judge Brennan subsequently granted the motion.  (ECF Nos. 28,

6    34.)  Plaintiff filed her First Amended Complaint on July 3, 2014.  (ECF No. 39.)  On August 4,

7    2014, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint for failure to

8    state a claim for relief.  (ECF No. 40.)  Magistrate Judge Brennan issued Findings and

9    Recommendations on Defendants Motion to Dismiss.  (ECF No. 74.)

10           The Magistrate Judge recommended denying the motion as to Claim 2, Plaintiff's due

11   process claim, and granting the motion with leave to amend as to Plaintiff's privacy claim,

12   retaliation termination claim, harassment claim, and civil conspiracy claim.  (ECF No. 74 at 17.)

13   The Magistrate Judge also recommended Plaintiff split up her privacy claim to explicitly state

14   what federally protected rights were violated and by which defendants.  (ECF No. 74 at 6.)  This

15   Court adopted the Magistrate Judges findings and recommendations in full.  (ECF No. 75.)

16   Plaintiff filed her Second Amended Complaint on October 29, 2015, now asserting three due

17   process claims, two privacy claims and a Title VII gender discrimination claim.  (ECF No. 81.)

18   Defendants again move to dismiss the complaint for failure to state a claim for relief.  (ECF No.

19   82.)

20           **II.    STANDARD OF LAW**

21           A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

22   12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

23   2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

24   statement of the claim showing that the pleader is entitled to relief."  See *Ashcroft v. Iqbal*, 556

25   U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

26   defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

27   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

28

3

pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a

4

sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

## III.   ANALYSIS

Plaintiff's Second Amended Complaint asserts six separate constitutional claims under 42 U.S.C. § 1983.  Plaintiff generally alleges that Defendants violated her due process rights and her right to privacy under the First and Fourteenth Amendments, as well as her civil rights under 42 U.S.C. §2000e.  (ECF No. 81.)  Defendants contend that none of these claims state a claim for relief, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 82 at 2–3.)  Specifically, Defendants claim that Plaintiff was afforded all necessary due process, and that she has not alleged facts demonstrating that Defendants invaded Plaintiff's right to privacy.

(ECF No. 82 at 2–3.)  Defendants further allege that the privacy claims should be dismissed with prejudice because the claims were filed after the applicable statute of limitations.  (ECF No. 82 at 2–3.)  Defendants similarly assert that the Title VII claim is time barred, and failed to state a claim for relief.  (ECF No. 82 at 2–3.)  Lastly, Defendant Royal claims he is entitled to qualified immunity because Plaintiff failed to allege facts that show Royal violated clearly established law. Defendants claim Royal complied with the current law and the Memorandum of Understanding between County and Plaintiff's designated labor representative.  (ECF No. 82 at 2–3.)

Plaintiff asserts the Second Amended Complaint relates back to the Original Complaint under FRCP 15(c) and that Plaintiff's original privacy claims were timely filed under the doctrine of equitable tolling.  (ECF No. 88 at 1.)  Plaintiff further claims that she did allege facts sufficient to state a claim for relief on all counts.  (ECF No. 88 at 1.)

The Court addresses Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint in three parts: (1) whether the statute of limitation bars recovery; (2) whether Plaintiff stated plausible claims for relief; and (3) whether Defendant Royal is entitled to qualified immunity.

A.  Statute of Limitation and the Relation Back Doctrine

Plaintiff asserts that all her claims were filed within the statute of limitations.  Defendants counter that the claims in the Second Amended Complaint were not previously pled, and thus do not relate back to the Original Complaint.  (ECF No. 83 at 8.)  Plaintiff asserts that the Second Amended Complaint does relate back, because the facts are substantially similar to the Original Complaint.  (ECF 88, at 15:3–6.)

An amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the pleading."  Fed. R. Civ. P. 15(c)(1)(B).  "An amended claim arises out of the same conduct, transaction, or occurrence if it will likely be proved by the same kind of evidence offered in support of the original pleading."  *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (internal quotation marks omitted).  "The relation back

doctrine of rule 15(c) is liberally applied." *Id.* To relate back, the two pleadings must share a common core of operative facts, so that defendants are adequately put on notice of the charges against them. *Id.* The issue, then, is whether the factual assertions put the defendant on notice for claims that could be asserted against them. *Id.*

### 1. Due Process Claims

"The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (2003). Under California law, the statute of limitations for a claim of personal injury is two years. *See* Cal. Civ. Proc. Code § 335.1. Thus, Plaintiff had two years from the accrual of any section 1983 claim to file a civil action. Plaintiff was dismissed from her job on July 6, 2011. (ECF No. 81 ¶¶ 27–28.) Plaintiff filed her Original Complaint on May 24, 2013. (ECF No. 1 at 1.) Therefore, Plaintiff filed claims one, two, and five (the due process claims) within the two year statute of limitations in the Original Complaint.

The Second Amended Complaint sufficiently relates back to the facts asserted in the Original Complaint. Plaintiff bases claim one of the Second Amended Complaint on the fact that Shoenig interviewed Plaintiff about her personal relationships, and Defendants did not give Plaintiff notice that the interview could result in disciplinary action against her. (ECF No. 81 ¶ 37.) Both facts are present in Plaintiff's original due process claim. (ECF No. 1 ¶¶ 4–6, 72.) Similarly, claim two relates back to facts in the Original Complaint alleging Defendants' intentional refusal to give Plaintiff a reasonable amount of time to prepare her objections with her lawyer. (ECF No. 81 ¶¶ 44–45) Lastly, claim five is based on facts alleged in the Original Complaint, namely that Defendants threatened Plaintiff with termination. (ECF No 81 ¶64); (ECF No. 1 ¶ 39.) The claims in the Second Amended Complaint are substantially the same as those in the Original Complaint. They share a common core of operative facts such that Defendants were adequately put on notice of the charges that could be brought against them. *ASARCO, LLC*, 765 F.3d at 1004. The Court finds claims one, two, and five of the Second Amended Complaint relate back to the Original Complaint. Thus, the due process claims are not

1    barred by the statute of limitations.

2                    *2.  Right to Privacy Claims*

3         As noted above, federal courts apply the forum states' statute of limitations in § 1983

4    litigation, which in this case is two years.  Cal. Civ. Proc. Code § 335.1; *Cain v. State Farm Mut.*

5    *Auto. Ins. Co.*, 62 Cal. App. 3d 310, 313 (1st Dist. 1976) (providing that section 335.1, formally

6    codified as section 340, contains the statute of limitations for tortious invasion of privacy).

7                 a.  Claim three: Disclosure of Confidential Interviews

8         Defendants assert claim three is time barred on the face of the complaint because the

9    claim is based on disclosures that happened more than two years before the filing of the first

10   complaint.  (ECF No. 83 at 13.)  However, a claim only accrues "when the plaintiff knows, or

11   should know, of the injury which is the basis of the cause of action." *Fink v. Shedler*, 192 F.3d

12   911, 914 (9th Cir. 1999).  Plaintiff claims that she did not and had no reason to know about the

13   harm until June 20, 2011.  (ECF No. 81 ¶¶ 16–17.)  On June 20, 2011, Plaintiff received a notice

14   of proposed disciplinary action.  (ECF No. 81–1 at 70.)  The notice suggests that Pettitt, the

15   Deputy who conducted the May 18, 2011 interview, confirmed Plaintiff's testimony by

16   discussing it with third parties.  (ECF No. 81–1 at 70.)  The Original Complaint was filed on May

17   24, 2013.  (ECF No. 1 at 1.)  Taking the facts asserted in the Second Amended Complaint as true,

18   the Original Complaint was filed within two years of the date of accrual of the harm.

19        The facts in the Original Complaint put Defendants on notice of the charges brought

20   against them in the Second Amended Complaint.  Plaintiff's Original Complaint asserts that

21   Defendants "disseminated private personal information to other county employees and

22   community members."  (ECF No. 1 ¶ 41.)  Plaintiff asserts in her Second Amended Complaint

23   that Pettitt disclosed the private interview with a retired captain and three current employees.

24   (ECF No. 81 ¶51.)  When applying the relation back doctrine "liberally," the factual assertion in

25   the Original Complaint is enough to put Defendants on notice of the claim brought against them

26   in the Second Amended Complaint.  *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d at 1004.

27   Thus, claim three relates back to the Original Complaint, and is not barred by the statute of

28

                                        8

1   limitations.

2                           b.   Claim four: Inquiry into Plaintiff's Personal Relationship

3          Defendants correctly assert that the latest harm in claim four accrued on May 18, 2011.

4   (ECF No. 83 at 14:11–20.)  However, Plaintiff claims that she is entitled to equitable tolling,

5   based on her claims filed with the EEOC and DFEH.  (ECF No. 88 at 9–11.)  Equitable tolling is

6   appropriate when the record shows: "(1) timely notice to the defendant in filing the first claim; (2)

7   lack of prejudice to the defendant in gathering evidence to defend against the second claim; and

8   (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Azer v.*

9   *Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

10         Plaintiff filed a claim with the EEOC naming Defendant Royal on April 26, 2012.  (ECF

11  No. 81 ¶ 30).  Plaintiff subsequently filed a claim with the DFEH naming Defendant Satchwell on

12  July 6, 2012.   (ECF No. 81 ¶ 31).  Based on a two year statute of limitations, both defendants

13  received timely notice of the charges against them.

14         The second prong of the equitable tolling analysis "should be construed liberally in favor

15  of the plaintiff." *Azer v. Connell*, 306 F.3d 930, 937 (9th Cir. 2002).  The record does not

16  indicate any factors that Defendants are prejudiced by recognition of equitable tolling.  There is

17  not, for example, vastly different evidence in the record between the EEOC filing and the current

18  case. *Id.* at 938.  Nor does the record suggest that Defendants would be prejudiced in gathering or

19  preserving evidence, and Defendants do not argue that point.  In construing this prong liberally in

20  favor of the Plaintiff, the Court finds that prong two is satisfied.

21         Lastly, there is nothing to suggest that Plaintiff filed these claims in bad faith, or that the

22  assertion of equitably tolling the statute of limitations is unreasonable.  The Plaintiff timely filed

23  both the EEOC and the DEFH claims.  Plaintiff filed her district court suit only a few days past

24  the two year statute of limitations, suggesting that being outside the statute of limitations was not

25  a malicious multiplication of the proceedings.  The court finds that Plaintiff's claim is equitably

26  tolled, based on the EEOC and DEFH filings.  Thus, claim four is not barred by the statute of

27  limitations.

28

                                                9

1          *3. Claim six: Title VII violation*

2          To maintain a Title VII claim, Plaintiff needed to file a charge with the EEOC within 180

3    days of the accural, unless she qualified for the extended 300 day time limit. 42 U.S.C. § 2000e-

4    5(e)(1).  By her own admission, Plaintiff did not file within 180 days.  (ECF No. 81 ¶30.)

5    However, this Court adopted Magistrate Judge Brennan's Findings and Recommendations on a

6    previous Title VII claim.  *Id.*  In that order Magistrate Judge Brennan found that Plaintiff was

7    entitled to the extended 300 day statute of limitations, because of worksharing agreements

8    between the EEOC and the DFEH.  (ECF No 74 at 13:10–16.)  The worksharing agreements

9    authorized the EEOC to accept charges on behalf of the DFEH, effectively waiving DFEH's right

10   to initially process Plaintiff's charge.  (ECF No. 74 at 13.)  Because of DFEH's waiver, Plaintiff's

11   charge fell within the exception permitting a 300 day filing deadline.[2]  (ECF No. 74 at 13.)  A

12   claim that accrued on the date of Plaintiff's termination, July 6, 2011, must have been filed before

13   May 2, 2012.  Thus, Plaintiff's claim under Title VII filed on April 26, 2012, was within the 300

14   day period.  (ECF No. 74 at 13:24–25.)  Because the facts are substantially similar, and the

15   accrual date of this Title VII claim is Plaintiff's termination, claim six is not time barred.  *Id.*

16          B.  Stating a Plausible Claim for Relief

17          Plaintiff asserts that Defendant violated her due process, privacy, and civil rights when

18   they investigated her personal relationship and subsequently terminated her.  (ECF No. 81.)

19   Defendants argue that Plaintiff failed to state a plausible claim for relief on all six claims.  (ECF

20   No. 82 at 2–3.)  Plaintiff contends that, assuming all properly pleaded factual allegations as true,

21   she has successfully stated plausible claims for relief.  (ECF No. 88.)

22          *1.  Due Process Claims*

23          Procedural due process protects individuals against the depravation of liberty or property

24   by the government without due process.  *Portman v. County of Santa Clara*, 995 F.2d 898, 904

25   (9th Cir. 1993).  For purposes of due process, a person has a protected property interest in a

26   benefit only if they "have a legitimate claim of entitlement to it."  *City of Castle Rock v. Gomez*,

27

28   [2] For a complete analysis of the worksharing issue, see ECF No. 74 at 12–13.

545 U.S. 748, 756 (2005).   A legitimate claim protected by the Fourteenth Amendment is one contractually or statutorily granted to you.  *Id.*  Most broadly, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950).  This opportunity must be provided "in a meaningful time and in a meaningful manner."  *Logan v. Zummerman Brush Co.*, 455 U.S. 527, 540 (1981).  However, "due process is flexible and calls for such procedural protection as the situation demands."  *Id.*  A cognizable § 1983 claim based on procedural due process "has three elements: (1) a liberty or property interest protected by the Constitution, (2) a depravation of the interest by the government, and (3) lack of process."  *Portman*, 995 F.2d at 904.

Defendants do not dispute that Plaintiff had a constitutionally protected property interest in her job.  Nor do Defendants dispute that she was deprived of that interest when dismissed.  Defendants only challenge the assertion that Plaintiff did not receive all due process as the situation demanded.  (ECF No. 82 at 2:16–19.)

As an initial matter, Defendants argue that claims one, two, and five are inappropriate in the Second Amended Complaint because the Findings and Recommendations did not give leave to amend the single due process claim in the First Amended Complaint.  (ECF No. 83 at 5–6.)  The decision to split up the claim into three new ones was not expressly granted by the court nor was it denied.  Absent express language in its previous order denying Plaintiff the ability to amend her due process claim, the Court will not prevent Plaintiff from asserting the same claim in three separate causes of action, especially given that the due process claim was the only viable claim in Plaintiff's previous complaint.

a.   Claim one: Notifying Plaintiff of investigation

Plaintiff claims Defendants opened an investigation into her before the date of the first Shoenig interview, which was purportedly conducted for a different investigation.  (ECF No. 81 ¶36.)  Plaintiff further asserts Defendants did not advise her of the investigation in order to prevent her from invoking due process rights.  (ECF No. 81 ¶ 37.)  During a motion to dismiss,

11

1    the court takes all plausible factual assertions to be true.  *Iqbal*, 556 U.S. at 678.

2            Under *Twombly* and *Iqbal*, the Court determines whether Plaintiff failed to plead "enough

3    facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting

4    *Twombly*, 550 U.S. at 570).   Investigating Plaintiff without telling her of a pending investigation

5    is the opposite of "notice reasonably calculated."  *Mullane*, 399 U.S. at 314.  Plaintiff's factual

6    allegation outlines Defendants conduct and logically concludes that Defendant intentionally did

7    not apprise the interested party in an effort to *prevent* her from presenting her objections.  (ECF

8    No. 81 ¶ 37.)  Not only does the Defendants' lack of notification of an investigation against

9    Plaintiff fail to provide notice in a meaningful time or manner, it fails to notify at all.

10   *Zummerman Brush*, 455 U.S. at 540.  Plaintiff alleges that she was unable to invoke her rights

11   during a significant part of the investigation, and was unaware that her job was at risk.  (ECF No.

12   81 ¶¶ 36–37.)  The Court reasonably concludes from these facts that Defendants' lack of

13   notification prevented Plaintiff from asserting her rights.  Therefore the facts alleged successfully

14   state a plausible claim for relief on the grounds that Defendants allegedly violated Plaintiff's due

15   process rights under the Fourteenth Amendment.

16                           b.  Claim two: *Skelly* hearing

17           Plaintiff asserts extensive facts documenting the scheduling of the *Skelly* hearing.[3]  (ECF

18   No. 81 ¶¶ 44–45.)  Plaintiff claims that she notified Defendants several times that she had

19   retained legal counsel, and that her counsel needed time to review the relevant documents.  *Id.*

20   Plaintiff asserts that Defendants repeatedly refused to set a date for the hearing that would give

21   her reasonable and adequate amount of time to prepare objections with her counsel.  *Id.*

22           Accepting these allegations as true, the Court observes that the opportunity to have your

23   objections be heard in a reasonable time and in a reasonable manner must include the opportunity

24   to have counsel present.  *Id.*  Further, the parties must allow counsel time to familiarize

25   themselves with the facts and the law surrounding the allegations.  *Goldberg v. Kelly*, 397 U.S.

26   254, 270–71 (1970) ("Counsel can help delineate the issues, present the factual contentions in an

27

28   _____

[3] A *Skelly* hearing refers to a hearing that allows public employees to respond to allegations of misconduct prior to the imposition of a disciplinary decision.  *Skelly v. State Personnel Board*, 15 Cal. 3d. 194 (1975).

1   orderly manner, conduct cross-examination, and generally safeguard the interests of the

2   recipient.").  If counsel is not provided a reasonable amount of time to review the case, the right

3   to counsel would just be a pretense.

4        Plaintiff claims that her counsel was not provided enough time to prepare a response for

5   the *Skelly* hearing.  (ECF No. 81 ¶¶ 44–45.)  Plaintiff claims this denied her the ability to present

6   her objections in a reasonable time and manner.  (ECF No. 81 ¶¶ 44–45.)  The Court therefore

7   assumes that, based on the asserted facts, Defendants violated Plaintiff's due process rights.

8   Therefore, the Court DENIES Defendants' Motion to Dismiss Claim two.

9                    c.  Claim five: Threat of termination

10        Plaintiff claims that Defendant threatened termination as a means of coercing her into

11  sharing private information, which was "wrongful, offensive to human dignity, and shocking to

12  the conscience."  (ECF No. 81 ¶ 64.)  Basically, the Plaintiff asserts that the threat of termination

13  violated her rights because threat of termination violates one's constitutional rights.  While the

14  Court accepts as true Plaintiff's claim that Defendants threatened termination, claiming that threat

15  violated her rights is merely a "legal conclusion cast in the form of [a] factual allegation[ ]."

16  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  In the absence of

17  any other facts which could state a plausible claim for relief, the Court GRANTS Defendants'

18  Motion to Dismiss Claim 5.  This is the first time Plaintiff has asserted a due process violation

19  solely on the grounds of threat of termination.  Therefore, the Court dismisses without prejudice

20  to allow Plaintiff an opportunity to cure this deficiency.

21               2.  *Right to Privacy Claims*

22        This Court's order adopting Magistrate Judge Brennan's Findings and Recommendations

23  granted leave to amend the right to privacy claims.  (ECF No. 74 at 17:20–22) (adopted by this

24  Court at ECF No. 75).  In the findings, Magistrate Judge Brennan was clear that Plaintiff, in her

25  amended complaint, "shall specify what federally protected right was violated by which

26  defendant(s). . ."  (ECF No. 74 at 6:23–24.)  Plaintiff did specify which federally protected right

27  was violated, the *Thorne* right to privacy.  *Thorne v. City of El Segundo*, 726 F.2d 459, 468 (9th

28

13

1    Cir. 1983) (holding that an employer asking questions about an employee's sexual behavior

2    violated the employee's constitutional right to privacy).  However, Plaintiff failed to claim that

3    any named Defendants were the ones who violated that right to privacy.

4                    a.   Claim three: Disclosure of confidential interviews

5           The facts alleged must claim that the named Defendants themselves did something that

6    gave Plaintiff a plausible claim for relief.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544,

7    556 (2007)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows

8    the court to draw the reasonable inference that the defendant is liable for the misconduct

9    alleged.").  The Second Amended Complaint alleges only that Deputy Pettitt wrongfully shared

10   the allegedly confidential interviews with others in violation of Plaintiff's right to privacy.  (ECF

11   No. 81 ¶51.)  It does not claim that either of the named Defendants wrongfully shared this

12   information.  (ECF No. 81 ¶51.)  Plaintiff asserts in paragraph 52 that Defendants' actions were

13   the direct and proximate cause of the harm.  (ECF No. 81 ¶52.)  However, this assertion is

14   legally conclusory, and the Court does not assume it to be true in a motion to dismiss for failure

15   to state a claim.  *Ringrose*, 788 F.2d at 643 n.2.  Without more facts, Plaintiff has not stated a

16   claim for relief.

17                   b.   Claim four: Inquiry into Plaintiff's personal relationship

18          Plaintiff claims that Defendants ordered Shoenig to question Plaintiff about her intimate,

19   off-duty personal relationships.  (ECF No. 81 ¶58.)  Plaintiff further claims that the act of this

20   questioning, not the Defendants' ordering the questioning, violated her right to privacy.  *Id.*

21   Again, the Court is unable to "draw a reasonable inference that the defendant[s are] liable for the

22   conduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).  Plaintiff

23   does not argue that Defendants are liable by a theory of *respondeat superior*,[4] or by any other

24   theory of liability.  Plaintiff does not claim that either named Defendant violated her

25   constitutional right to privacy in any way, except in paragraph 58, which is the same boilerplate

26   _____

27   [4] A claim of *respondeat superior* in this instance would not be sufficient to overcome dismissal of the claim.
     *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, (2009) ("Government officials may not be held liable for
     the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.")

28

                                                    14

1  the Court has already determined to be legally conclusory.  Plaintiff fails to state a claim for relief

2  as to Claim 4.

3       *4.  Claim six: Title VII Gender Discrimination*

4       To establish a prima facie case of discrimination under 42 U.S.C. § 2000e (Title VII),

5  Plaintiff "must show that (1) she belongs to a protected class; (2) she was qualified for the

6  position; (3) she was subjected to an adverse employment action; and (4) similarly situated men

7  were treated more favorably, or her position was filled by a man." *Villiarimo v. Aloha Island Air,*

8  *Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S.

9  792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).  Defendant claims that Plaintiff has not pled a prima

10  facie discrimination case, citing *Nilsson v. City of Mesa*, 503 F.3d 947, 953–54 (9th Cir. 2007)

11  (setting forth the elements of a prima facie discrimination case).  Importantly, *Nilsson* is an appeal

12  from a dismissal based on a motion for summary judgement, and thus was judged on an

13  evidentiary standard.  *Id.* at 950.  At this stage, we assume all facts set forth by Plaintiff as true

14  and she need only state a plausible claim for relief, not prove the claims with evidence.  *Iqbal*,

15  556 U.S. at 678.

16       Defendant claims that Plaintiff is not part of a protected class, ignoring the explicit

17  wording of 42 U.S.C. § 2000e-2(a)(1) that it is unlawful to "discharge any individual . . . because

18  of such individual's . . . sex."  Plaintiff has pled sufficient facts to show that she is a member of a

19  protected class, because she is female.  *Villiarimo*, 281 F.3d at 1062.  Next, there is nothing in the

20  briefing to indicate that she was not qualified for the position, nor was this challenged by

21  Defendants.  *Id.*  Plaintiff claims in her interviews that she was competent and qualified for her

22  job and discusses writing the manual on how to do her job.  (ECF No. 81–1 at 8–9.)

23       Next, Plaintiff must prove that an employer subjected her to an adverse employment

24  action.  *Villiarimo*, 281 F.3d at 1062.  Defendants argue that Plaintiff did not explicitly state that

25  Defendants were her employers.  (ECF No. 83 at 19.)  This argument does not persuade the

26  Court.  Plaintiff alleges that Defendants are the ones who investigated and subsequently

27  dismissed her.  (ECF No. 81 ¶¶ 27–29.)  The Court does not require the Plaintiff to explicitly say

28

1    Defendants are her employers.  Rather, we give Plaintiff the benefit of reasonable inference that

2    Defendants are the employer of Plaintiff as drawn from the "well-pleaded" allegations of the

3    complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).

4         Lastly, Plaintiff asserts facts that, taken as true, show that similarly situated men were

5    treated more favorably.  *Villiarimo*, 281 F.3d at 1062.  Undersheriff Kimball was in the same

6    relationship with Saling.  (ECF No 81–1 at 41.)  Disciplinary action against Saling was based on

7    her misconduct of lying about the affair in an internal investigation and Plaintiff asserts Kimball

8    also lied in the investigation.  (ECF No. 81–1 at 70–74; ECF No. 81–1 at 53 ("He told me . . .he

9    lied in his [interview] too.").)  Taking these statements as true, Kimball was a similarly situated

10   male.  Plaintiff alleges that instead of an investigation and termination, Kimball retired with full

11   benefits and no disciplinary action relating to the same misconduct.  (ECF No. 81 ¶72.)  Thus,

12   Plaintiff adequately alleges a similarly situated male was treated differently.  In all, the Court

13   finds that Plaintiff can plausibly show the elements of a prima facie case for discrimination at this

14   stage of litigation and DENIES Defendants' Motion to Dismiss as to Claim six.

15        C.  Qualified Immunity

16        Defendants assert an affirmative defense of qualified immunity, claiming they followed

17   applicable current law and the Memorandum of Understanding between the county and the

18   Plaintiff's labor representative.  (ECF No. 83 at 17–18.)  Plaintiff contends this argument is too

19   general and is the same argument Magistrate Judge Brennan, and this Court, found to be

20   unpersuasive in Defendants previous Motion to Dismiss.  (ECF No. 74 at 11.)

21        Qualified immunity is applicable unless the official's conduct violated a clearly

22   established statutory or constitutional right which a reasonable person would have known.

23   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  As in the last Motion to Dismiss, Defendants do

24   not dispute that it was clearly established Plaintiff was entitled to notice of the investigation

25   against her, and an opportunity to present her objections.  Rather, Defendants dispute whether

26   there were adequate reasons to not extend the *Skelly* hearing, and they followed all relevant

27   memoranda.  (ECF No. 82 at 2–3.)  As Magistrate Judge Brennan previously found, Plaintiff has

28

alleged sufficient facts demonstrating she was denied her clearly established right to be meaningfully heard.  Defendants do not dispute these allegations.  (ECF No. 74 at 11.)  Thus, the Court again finds that Defendants are not entitled to qualified immunity.

**IV.    CONCLUSION**

For the reasons set forth above, the Court hereby grants and denies Defendants' Motion to Dismiss as follows:

1.  Defendants' Motion to Dismiss Claims one and two (notification of investigation and *Skelly* hearing) is DENIED;

2.  Defendants' Motion to Dismiss Claim five (threat of termination) is GRANTED with leave to amend;

3.  Defendants' Motion to Dismiss Claims three and four (disclosure of interviews and inquiry into personal relationship) is GRANTED with leave to amend;

4.  Defendants' Motion to Dismiss Claim six (Title VII gender discrimination) is DENIED;

5.  Defendant Royal's Motion for Qualified Immunity is DENIED.

Plaintiff's leave to amend is limited to Claims three, four, and five.  Plaintiff is not permitted to allege any new causes of action beyond those already alleged in the Second Amended Complaint.  Plaintiff is granted thirty (30) days leave to amend from entry of this Order to file an amended complaint consistent with the Court's findings.

IT IS SO ORDERED.

Dated: October 6, 2016

Troy L. Nunley
United States District Judge

17