UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TAMMY SALING,

    Plaintiff,

v.

KEITH ROYAL, Sherriff of Nevada County, California; and GAYLE SATCHWELL, Former Director of Human Resources, Nevada County,

    Defendants.

No. 2:13-cv-01039-TLN-EFB

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

    This matter is before the Court on Defendants Keith Royal and Gayle Satchwell's (together "Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 94.) Plaintiff Tammy Saling ("Plaintiff") opposes Defendants' motion. (ECF No. 98.) Defendants filed a reply to Plaintiff's opposition. (ECF No. 99.) The Court has carefully considered the briefing filed by both parties. For the reasons outlined below, Defendants' Motion to Dismiss (ECF No. 96) is hereby GRANTED.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff asserts a variety of state and federal claims against Defendants Keith Royal ("Royal"), Sheriff of Nevada County, and Gayle Satchwell ("Satchwell"), former director of Human Resources for the County of Nevada, arising out of her termination from employment with the

Nevada County Sheriff's Department.[1] (Third Am. Compl., ECF No. 94.) Plaintiff alleges that on March 16, 2011, while on duty and without warning, she was told to go to Human Resources. (ECF No. 94 ¶ 7.) When Plaintiff complied, Susan Schoenig, who was acting as a "mouthpiece" for Defendants, ordered her to participate as a witness to an ongoing investigation concerning another individual. (ECF No. 94 ¶¶ 7, 8.) However, after signing an administrative admonishment stating that she must answer questions truthfully, Plaintiff was then interrogated about one of her off-duty personal relationships. (ECF No. 94 ¶¶ 7, 8; Ex. A1.) On April 1, 2011, Plaintiff was again instructed to go to Human Resources, where she was again questioned about her off-duty relationship. (ECF No. 94 ¶ 10.)

On April 26, 2011, Plaintiff was notified that she was now the subject of an internal investigation and was placed on administrative leave pending the outcome. (ECF No. 94 ¶ 11.) She was interviewed a third time about her personal relationship on May 18, 2011. (ECF No. 94 ¶ 14.) In this interview, conducted by Deputy Pettitt, Plaintiff was asked about her personal relationships with any Nevada County Sheriff's Office employee. (ECF No. 94 ¶ 14.) Pettitt summarized his findings from the interview to Defendant Royal in a memo. (ECF No. 94 ¶ 15; Ex. H.) The summary indicated that Pettitt shared the information from his interview with others in the office. (ECF No. 94 ¶ 16.) Plaintiff subsequently received a notice of proposed disciplinary action, recommending Plaintiff's employment be terminated. (ECF No. 94 ¶ 17, Ex. I.) The notice stated that Plaintiff was entitled to a hearing regarding the proposed action, which was scheduled for June 23, 2011. (ECF No. 94 ¶ 17.)

Plaintiff retained counsel and attempted to have her hearing continued to allow counsel an opportunity to review relevant documents. (ECF No. 94 ¶ 19.) Ultimately, Plaintiff's request to reschedule the hearing to a date that permitted her attorney's preparation and participation was refused. On June 28, 2011, Plaintiff received notice of a final decision to terminate her employment effective July 6, 2011. (ECF No. 94 at 7–9.)

---

[1] The factual and procedural background was partially taken from this Court's previous order dated October 7, 2016 granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 91).

On July 5, 2011, Plaintiff's counsel received a fax at approximately 4:55 p.m., stating that Defendants could meet to discuss the matter at 11:00 a.m. the next day. (ECF No. 94 ¶ 26.) Plaintiff and her attorney met with Defendants on July 6, 2011, but the decision to end her employment was not changed. (ECF No. 94 ¶¶ 26–29.)

Plaintiff filed the instant action on May 24, 2013. (ECF No. 1.) Plaintiff moved to amend her complaint and the magistrate judge subsequently granted the motion. (ECF Nos. 28 & 34.) Plaintiff filed her First Amended Complaint on July 3, 2014. (ECF No. 39.) On August 4, 2014, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim for relief. (ECF No. 40.) The magistrate judge issued Findings and Recommendations on Defendants' Motion to Dismiss. (ECF No. 74.)

The magistrate judge recommended denying the motion as to Claim 2, Plaintiff's due process claim, and granting the motion with leave to amend as to Plaintiff's privacy claim, retaliation termination claim, harassment claim, and civil conspiracy claim. (ECF No. 74 at 17.) The magistrate judge also recommended Plaintiff split up her privacy claim to explicitly state what federally protected rights were violated and by which Defendants. (ECF No. 74 at 6.) This Court adopted the magistrate judge's findings and recommendations in full. (ECF No. 75.) Plaintiff filed her Second Amended Complaint on October 29, 2015, asserting three due process claims, two privacy claims and a Title VII gender discrimination claim. (ECF No. 81.) Defendants filed a motion to dismiss the Second Amended Complaint which the Court granted in part and denied in part. (ECF No. 82.) Plaintiff was given leave to amend the defective claims and filed the Third Amended Complaint on November 7, 2016. (ECF No. 91.) Defendants again move to dismiss the complaint for failure to state a claim for relief. (ECF No. 96.)

**II.    STANDARD OF LAW**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322

(1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

*Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Plaintiff's Third Amended Complaint asserts six separate constitutional claims under 42 U.S.C. § 1983. Plaintiff generally alleges that Defendants violated her due process rights and her right to privacy under the First and Fourteenth Amendments, as well as her civil rights under 42 U.S.C. §2000e. (ECF No. 91.) Defendants contend that none of these claims state a claim for relief, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 96 at 2–3.) Specifically, Defendants claim that Plaintiff was afforded all necessary due process, and that she has not alleged facts demonstrating that Defendants invaded Plaintiff's right to privacy. (ECF No. 96 at 2–3.) Defendants further allege that all six[2] of Plaintiff's claims should be dismissed with prejudice as she has had four opportunities to cure the defects of her complaint and has failed to do so. (ECF No. 96-1 at 2–3.)

---

[2] Defendants make general comments regarding the inadequacy of all six claims but only challenge three specifically in their Motion to Dismiss. (ECF No. 91.) Defendants' broad argument that the complaint fails to show Defendants deprived Plaintiff of a constitutional right is insufficient to meet Defendants' burden as to Plaintiff's remaining three claims. (ECF No. 96-1 at 12–13.)

1    Plaintiff claims that she did allege facts sufficient to state a claim for relief on all counts. (ECF No. 98 at 1.) Defendants replied alleging that there were virtually no substantive changes made to the defective causes of action (namely the third, fourth, and fifth causes of action). (ECF No. 99.) The Court will address each claim in turn.

A. <u>Stating a Plausible Claim for Relief</u>

Plaintiff asserts that Defendants violated her due process rights and right to privacy when they investigated her personal relationship and subsequently terminated her. (ECF No. 94.) Defendants argue that Plaintiff failed to state a plausible claim for relief on all three claims. (ECF No. 96 at 2–3.) Plaintiff contends that, assuming all properly pleaded factual allegations as true, she has successfully stated plausible claims for relief. (ECF No. 98.)

*1. Claim three: Disclosure of confidential interviews*

Plaintiff alleges that Defendants Royal and Satchwell had a duty to protect the confidentiality of information about Plaintiff's intimate personal life that was obtained during the various interviews in which she participated. (ECF No. 94 ¶ 51.) Defendants argue that the claim was stated in conclusory terms and that no legal duty can be established from the facts Plaintiff puts forward. (ECF No. 96-1 at 7.)

The facts alleged must claim that the named Defendants themselves did something that gave Plaintiff a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The diversity of federal constitutional "privacy" interests has left the federal right to privacy, especially in its comprehensive "penumbral" sense, without any coherent legal definition or standard. *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 30 (1994). In informational privacy cases, "courts balance the government's interest in having or using the information against the individual's interest in denying access[.]" *Id.* at 651. Relevant factors to be considered include:

> ... the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury from disclosure to the relationship in which

> the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Doe v. Attorney General*, 941 F.2d 780, 796 (9th Cir. 1991) (quoting *United States v. Westinghouse Elec. Corp.,* 638 F.2d 570, 580 (3d Cir. 1980)). This list is not exhaustive, and the relevant considerations will necessarily vary from case to case. In most cases, it will be the overall context, rather than the particular item of information, that will dictate the tipping of the scales. *In re Crawford*, 194 F.3d 954, 959 (9th Cir. 1999.)

The Court found in its previous order that "[t]he Second Amended Complaint alleges only that Deputy Pettitt wrongfully shared the allegedly confidential interviews with others in violation of Plaintiff's right to privacy. (ECF No. 91 ¶ 51.) It does not claim that either of the named Defendants wrongfully shared this information." (ECF No. 81 ¶ 51.) The Third Amended Complaint remains defective for the same reason. Plaintiff has amended the claim to assert that "Defendants Royal and Satchwell had a duty to protect the confidentiality of information about Plaintiff's intimate personal life[.]" (ECF No. 94 ¶ 51.) However, the assertion of a legal duty is not a considerable factor in determining a violation of one's privacy. Plaintiff has still yet to allege a privacy right in the interview materials that would lead to a legitimate expectation of privacy in the contents. Plaintiff asserts in paragraph 52 that Defendants' actions were the direct and proximate cause of the harm. (ECF No. 94 ¶ 52.) As stated in the previous order, "this assertion is legally conclusory, and the Court does not assume it to be true in a motion to dismiss for failure to state a claim." *Ringrose*, 788 F.2d at 643 n.2. After another opportunity to amend the complaint, it is clear Plaintiff has again failed to allege sufficient facts to state a claim for the disclosure of confidential interviews.

### 2. *Claim four: Inquiry into Plaintiff's personal relationship*

Plaintiff claims that Defendants Royal and Satchwell had no legitimate reason for investigating the intimate personal relationships of Plaintiff and that the investigation was an unjustified invasion into Plaintiff's personal life and a violation of her constitutional right to privacy. (ECF No. 94 at 18.) Defendants argue that Plaintiff has failed to allege a privacy right

in the information she disclosed and that the inquiry into that information was well within the purview of the employer concerned with sexual harassment claims and concerning a relationship between a supervisor and a subordinate. (ECF No. 96-1 at 9.)

Plaintiff claims that Defendants ordered Shoenig to question Plaintiff about her intimate, off-duty personal relationships. (ECF No. 94 ¶ 58.) Plaintiff further claims that the act of this questioning, not the Defendants' ordering the questioning, violated her right to privacy. *Id.* Again, the Court is unable to "draw a reasonable inference that the defendant[s are] liable for the conduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)). As stated in the previous order, "Plaintiff does not argue that Defendants are liable by a theory of respondeat superior[3], or by any other theory of liability. Plaintiff does not claim that either named Defendant violated her constitutional right to privacy in any way, except in paragraph 58, which is the same boilerplate the Court has already determined to be legally conclusory." (ECF No. 91.) The same problem remains with the Third Amended Complaint. Plaintiff only rephrases the same substantive facts and fails to allege any legally protectable interest that would give rise to a legitimate claim for precluding the dissemination or misuse of confidential information. Accordingly the claim must be dismissed.

   3. *Claim five: Threat of termination*

Plaintiff claims Defendants threatened her with termination of her employment as a means of coercing her into disclosing information about her personal relationships which violated her due process rights. (ECF No. 94 at 19-20.) Defendants argue Plaintiff's claim is defective as the facts she has put forward do not establish how any alleged threat of termination violated her due process rights. (ECF No. 96-1 at 12-13.)

To assert a successful claim for violation of due process pursuant to 42 U.S.C. § 1983 plaintiff must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Plaintiff claims that Defendants

---

[3] A claim of *respondeat superior* in this instance would not be sufficient to overcome dismissal of the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.")

threatened termination as a means of coercing her into sharing private information, which was "wrongful, offensive to human dignity, and shocking to the conscience." (ECF No. 94 ¶ 64.) As stated in the previous order, "[b]asically, the Plaintiff asserts that the threat of termination violated her rights because threat of termination violates one's constitutional rights. While the Court accepts as true Plaintiff's claim that Defendants threatened termination, claiming that threat violated her rights is merely a 'legal conclusion cast in the form of [a] factual allegation[ ].' *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986)." Plaintiff has amended the complaint by rephrasing the facts of the Second Amended Complaint, but has not substantively amended the complaint in any way. Nowhere does Plaintiff state a property right in her employment with the Nevada County Sheriff's Office as protected under the Fourteenth Amendment. Plaintiff alleges that the coercion and threats by Defendants caused her embarrassment, but fails to allege how the threats ultimately deprived her of her property right in her employment. Nor does she assert that the alleged deprivation was committed under color of state law. Accordingly, the claim is dismissed.

### B. Leave to Amend Generally

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) (quoting *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996)). The district court does not abuse its discretion in dismissing amended complaints with prejudice where plaintiffs: (1) were permitted to amend their complaint; (2) were given adequate notice of the complaint's deficiencies with respect to Rule 8; and (3) nevertheless, failed to file an amended complaint that complied with Rule 8. *Palmer v. Klamath Cty.*, 12 F. App'x 569, 570 (9th Cir. 2001).

Plaintiff was given four separate opportunities to cure the deficiencies of her complaint. Defendants filed motions to dismiss against each amended complaint and the Court subsequently granted the motions with regard to the defective claims currently before the Court. Plaintiff was given explicit detail regarding the deficiencies in each of her subsequently filed complaints and

failed to correct them with each amended complaint. Based on the deficiencies in the Third Amended Complaint, further amendment would be futile as Plaintiff has continuously failed to sufficiently state a claim for relief as to claims three, four, and five. As a result, claims three, four, and five of Plaintiff's Third Amended Complaint are dismissed with prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby grants Defendants' Motion to Dismiss as follows:

1. Defendants' Motion to Dismiss Claim five (threat of termination) is GRANTED without leave to amend;
2. Defendants' Motion to Dismiss Claims three and four (disclosure of interviews and inquiry into personal relationship) is GRANTED without leave to amend.

The parties shall file a Joint Status Report within 30 days of this Order regarding the remaining three claims.

IT IS SO ORDERED.

Dated: September 8, 2017

Troy L. Nunley
United States District Judge